# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Betty Jean Wade, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:14-cv-04923-JMC |
| v. ) | |
| ) | |
| Housing Management, Inc. and Hampton House ) | **ORDER FOR JUDGMENT** |
| Associates, LP d/b/a Paces Run Apartments a/k/a ) | **BY DEFAULT** |
| Hampton House Apartments, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, Betty Wade ("Plaintiff"), a resident of the federally-subsidized housing complex Paces Run Apartments ("Paces Run"), filed this action against Defendants Housing Management, Inc. and Hampton House Associates, LP ("Defendants"), the property manager and owner, respectively, of Paces Run, seeking a declaratory judgment that Defendants could not terminate her lease without cause simply because the lease term has ended. (ECF No. 18 at 9 ¶ 42.) Plaintiff also requests an injunction preventing Defendants from terminating Plaintiff's lease without cause. (*Id.* at 11.) Although Defendants were properly served with the Complaint, and executed a waiver of service of the First Amended Complaint (ECF No. 25), they have not answered or filed any responsive pleading. Pursuant to Plaintiff's request, the Clerk of Court entered a default against Defendants, and Plaintiff then moved for a default judgment.

I.   Introduction

Plaintiff filed a Complaint against Defendants on December 31, 2014; and she filed an Amended Complaint on June 23, 2015. This action seeks a declaratory judgment and an injunction preventing Defendants from terminating Plaintiff's lease without cause.

1

A.   Jurisdiction and Venue

The court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.  The court has personal jurisdiction over Defendants, and venue in this District is proper pursuant to 28 U.S.C. § 1391 because Defendants maintain offices and conduct business in this District, and because the alleged wrongful acts occurred in this District.

B.   Process and Service

On April 28, 2015, Plaintiff's private process server executed service on Defendants through Michael Shadrick, president of Housing Projects, Inc. (ECF No. 11.) Further, on October 1, 2015, Michael Shadrick executed a Waiver of the Service of Summons on behalf of Defendants indicating that he received a copy of the complaint. (ECF No. 25.)

C.   Grounds for Entry of Default

Defendants did not file an answer or other pleading, timely or otherwise, as reflected by two Requests for Entry of Default and two Affidavits of Plaintiff's Counsel in Support of Request for Entry of Default, one set with regard to Defendant Housing Management, Inc, and another set with regard to Hampton House Associates, LP, both filed on November 30, 2015.  (ECF Nos. 27, 28.) The Clerk of Court properly entered default as to Defendants on November 30, 2015.  (ECF Nos. 30, 31.)

D.   Motion for Default Judgment

 On February 18, 2016, Plaintiff filed a Motion for Default Judgment, a copy of which it also served upon Defendants by mail on said date.

II.   Findings of Fact

Having reviewed Plaintiff's Complaint, Request for Entry of Default, Motion for Default Judgment, as well as all supporting and supplemental information provided, the court accepts

Plaintiff's well-pled factual allegations as true and makes the following factual findings. *See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.1 (4th Cir. 2009) (accepting plaintiff's allegations against defaulting defendant as true, noting a defaulting defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3D 778, 780 (4th Cir. 2001)).

    As alleged by Plaintiff in her Amended Complaint, Plaintiff entered into a lease agreement with Paces Run on April 6, 2011, and has been a resident of Paces Run since that time. (ECF No. 18 at 7 ¶ 23.) Paces Run is an apartment complex subsidized under the Loan Management Set-Aside ("LMSA") program which was established pursuant to authority granted to HUD by Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f(o). (*Id.* at 4 ¶¶ 16-17.) Under the LMSA program, the resident's initial lease term, and any renewal term, must be for at least one year. (*Id.* at 5 ¶ 20.) On July 10, 2014, Paces Run advised Plaintiff that her lease was being terminated because Defendants alleged that a guest of Plaintiff's engaged in criminal activity. (*Id.* at 7 ¶ 24.) On August 12, 2014, Paces Run filed an ejectment action against Plaintiff in the Aiken County Magistrate's Court. (*Id.* at ¶ 26.) Plaintiff engaged the services of South Carolina Legal Services to represent her in the ejectment action, and Paces Run later voluntarily dismissed the case against Plaintiff prior to the trial date. (*Id.* at ¶¶ 27-28.) Subsequently, on November 11, 2014, Paces Run notified Plaintiff that she was a month-to-month tenant, her lease term had ended, and that her tenancy was being terminated effective January 1, 2015. (*Id.* at ¶ 29.) Plaintiff remains eligible to receive rental assistance through Paces Run's subsidized housing program, and denies that she violated the terms or conditions of her lease. (*Id.* at 8 ¶ 32.) Plaintiff asserts that she is unable to afford decent and safe housing without the rental assistance that Paces Run's subsidized

housing program provides. (*Id.* at ¶ 33.)

III.   Analysis

Having found the facts set forth in Plaintiff's Complaint as deemed admitted by default, the court must ensure the Complaint sets forth a proper claim before entering default judgment. *See GlobalSanta Fe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) (considering facts and evaluating Plaintiff's claims prior to entry of default judgment in copyright action). The court considers whether Plaintiff has set forth claims for which relief can be granted pursuant to the standard of Fed. R. Civ. P. 12(b)(6).

A.   Declaratory Judgment Action

In its Motion for Default Judgment and accompanying Memorandum, Plaintiff submits that she has met the principal criteria necessary to be awarded a declaratory judgment. "A declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004). Plaintiff asserts that Defendants are prohibited from terminating Plaintiff's lease or rental assistance without alleging and establishing good cause, and that Defendants are required to provide Plaintiff with a lease that automatically renews for one year. Plaintiff further asserts that a declaratory judgment would clarify her rights as a resident of Paces Run, eliminate the controversy caused by Defendants' issuance of termination notices, and relieve all parties of the uncertainty created by the issuance of termination notices that have not yet been acted upon.

Pursuant to 42 U.S.C. § 1437f(d)(1)(B)(i), a LMSA lease must be the shorter of a one year term or the term of the contract between the building owner and HUD. "During the term of the

4

lease, the owner shall not terminate the tenancy except for serious repeated violation of the terms and conditions of the lease, for violation of applicable Federal, State, or local law, or for other good cause." 42 U.S.C. § 1437f(d)(1)(B)(ii). Further, at the conclusion of the lease term, a landlord may not evict a tenant receiving rental assistance absent good cause. *See Swann v. Gastonia Housing Authority*, 675 F.2d 1342, 1348 (4th Cir. 1982). Here, Plaintiff's initial lease term was one year, but Defendants renewed Plaintiff's lease on a month to month basis. There is no indication that Paces Run's contract with HUD was set to conclude such that a new lease term shorter than one year would be permissible under the statute. Additionally, in the most recent termination letter, Defendants did not indicate good cause or allege any violations of law or the terms of the lease such that Defendants would be permitted to terminate Plaintiff's lease.

Accordingly, this court finds that Defendants are prohibited from terminating, seeking to terminate, or refusing to renew the rental assistance or tenancy of a resident, such as Plaintiff, of a project-based Section 8 program at the conclusion of the term of their lease absent good cause. Further, Defendants, when renewing the lease, are required to provide such residents with a lease term of one year or the remaining term of any contract with HUD, whichever is less.

B.  Injunction

Additionally, Plaintiff requests injunctive relief designed to give effect to the declaratory relief she seeks. As recognized by the United States Supreme Court, a declaratory judgment can be used as a predicate for further relief, including an injunction. *Powell v. McCormack*, 395 U.S. 486, 499 (1969). A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would

not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Here, Plaintiff has demonstrated that she is at risk of being denied housing to which she is entitled by statute, and as a result, being made homeless absent injunctive relief. Defendants issued a termination notice effective January 2015, and to date, though they have not enforced the notice, have not withdrawn the notice, which leaves Plaintiff uncertain as to when Defendants might finally enforce the notice and evict her. "A future injury of uncertain date and incalculable magnitude is irreparable harm, and protection from such injury is a legitimate end of injunctive relief." *Phillips v. Crown Cent. Petroleum Corp.*, 602 F.2d 616, 630 (4th Cir. 1979). Thus, this court finds that Plaintiff has demonstrated irreparable injury.

Second, Plaintiff has demonstrated that she has no adequate remedy at law. "For the existence of a legal remedy to bar injunctive relief, it must appear that the legal remedy is as practical and efficient to secure the ends of justice and its prompt administration as injunctive relief. *Patrick Henry Estates Homeowners Ass'n v. Miller*, 462 F. App'x 339, 344 (4th Cir. 2012). Although this court finds that Plaintiff may have a right to monetary damages should Defendants terminate Plaintiff's tenancy and evict her without good cause, those damages will not adequately compensate Plaintiff if she is made homeless as a result. Further, this court finds that monetary damages are not as practical and efficient as injunctive relief aimed to prevent the harm from occurring.

Third, in balancing the hardships, this court finds that the balance tips in favor of granting Plaintiff the relief requested. There is no information in the record to indicate that preventing Defendants from terminating Plaintiff's lease without cause will result in a hardship on Defendants. In contrast, absent injunctive relief, there is a likelihood that Plaintiff will be evicted

6

from her home and made homeless as a result. The court finds that such a burden is a significant hardship.

Finally, the court finds that preventing LMSA landlords from evicting tenants in violation of their statutory obligations is in the public interest. Thus, the public interest is served by granting the requested relief. Therefore, because this court finds that Plaintiff has demonstrated an entitlement to an injunction against Defendants, this court concludes that judgment should be entered in Plaintiff's favor against Defendants.

IV. Conclusion

Based on the foregoing, Plaintiff's Motion for Judgment by Default (ECF No. 35) is **GRANTED**. Accordingly, Defendants are prohibited from terminating Plaintiff's lease at the end of the lease term without cause, and further, when renewing Plaintiff's lease, Defendants are required to provide Plaintiff with a lease with a term of one year or the remaining term of any contract with HUD, whichever is less. Defendants are **ENJOINED** from taking any action contrary to the declarations stated above.

**IT IS SO ORDERED.**

*J. Michelle Childs*

Columbia, South Carolina
August 8, 2016

J. Michelle Childs
United States District Court